# Clinton Manufacturing & Packing Company v. Fullerton, et al.

(Decided January 5, 1916.)

## Appeal from Hickman Circuit Court.

1. Mechanics' Liens—Proceedings to Perfect—Notice.—In order that a material man may acquire a lien under the Act of 1910, amending section 2463, Ky. Stats., he must give a written notice to the owner of the land, immediately after the work is completed, showing his intention to claim a lien.

2. Mechanics' Liens—Proceedings to Perfect.—The mere presentation of an account to the landowner was not a sufficient indication of the material man's intention to claim a lien under the statute.

J. H. SHELTON for appellant.

J. D. VIA for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Affirming.

The appellant filed this action on May 5, 1911 seeking a judgment against the appellees J. C. Fullerton and his wife for $284.64 for materials used in constructing a sidewalk and a porch upon Mrs. Fullerton's property, and asserting a lien thereon for the payment of the debt.

The chancellor gave a personal judgment against both defendants for $225.00, but denied the lien, and from that portion of the judgment the plaintiff appeals.

Appellant's right to a lien depends upon the notice thereof which he gave appellees.

The case is controlled by the Act of 1910, amending and re-enacting section 2463 of the Kentucky Statutes, relating to mechanics and material men. Acts 1910, page 201.

That act provided that no material man should acquire a lien by virtue of the statute unless he should, in writing, notify the owner of the property, or his authorized agent, immediately after the last item of material was furnished, of his intention to hold the property liable, and the amount for which he claimed a lien.

Said act further provided it should be sufficient proof of the notice therein required, that the notice was mailed to the last known address of the owner of the property upon which the lien was claimed, or to his duly authorized agent within the county.

The proof shows that Henry, appellant's chief offi-
cer, mailed a notice to appellees, stating the amount of
the debt, as soon as Stewart, who was doing the work,
informed Henry that the work was completed. Appellees
say they never received a notice of any kind. But, giv-
ing appellant's proof its broadest meaning, it fails to
satisfy the statute, which requires the notice to specify
the amount for which a lien is claimed, and that it must
be given immediately after the work is finished. In Wolf-
lin-Luhring Lumber Company v. Mosely, 152 Ky., 701,
we construed this statute, and held that a notice given
eight days after the completion of the work, was not a
sufficient notice. Furthermore, the mere presentation
of the account was not sufficient to indicate an intention
to claim a lien. Wright v. Monroe Lumber Co., 156 Ky.,
85.

The proof wholly fails to show when the notice was
mailed, since Henry says he mailed it after Stewart told
him he had finished the work. But Henry made no effort
to show when it was that Stewart told him the work was
finished.

It follows, therefore, that appellant failed, both in
the character of his notice, and in the time of its service,
to sustain his claim for a lien.

Judgment affirmed.